IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| INTENSE PRINTING, INC. and | § | |
| INTERACTIVE PRINTING INKS AND | § | |
| COATINGS, INC., | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | CIVIL ACTION NO. _3:15-CV-299_ |
| v. | § | |
| | § | |
| PERFORMANCE PRINTING CORP., | § | |
| | § | |
| *Defendant*. | § | |

---

**PERFORMANCE COMPANIES, L.P. D/B/A PERFORMANCE PRINTING COMPANY'S
NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1441**

---

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES, Defendant, Performance Companies, L.P. d/b/a Performance Printing Company (hereinafter "Performance" or "Defendant"), the Defendant herein, pursuant to 28 U.S.C. §§ 1441 and 1446, and gives notice that it hereby removes the case styled, *Intense Printing, Inc. and Interactive Printing Inks and Coatings, Inc. v. Performance Printing Corp.*; Cause No. DC-14-15018, filed in the 191st Judicial District Court of Dallas County, Texas (the "State Court Action"). As grounds for removal, Defendant respectfully states the following:

I.     **THE STATE COURT ACTION.**

1.     As stated herein, Plaintiffs Intense Printing, Inc. and Interactive Printing Inks and Coatings, Inc. filed the State Court Action on December 30, 2014. Defendant Performance was served with the Citation and a copy of the Petition on January 2, 2015. *See* Exhibit B(5). Consequently, this Notice of Removal is timely filed pursuant to 28 U.S.C. §1446(b).

---

2.      As set forth in more detail below, this Court would have original jurisdiction of this matter under 28 U.S.C. § 1441 and based on federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 1338.  Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed to the district court of the United States for the district and division embracing the place where the action is pending. *See* 28 U.S.C. § 1441.  The Dallas Division of the Northern District of Texas is the United States District and Division embracing Dallas County, Texas, the county in which the State Court Action is pending.  *See* 28 U.S.C. § 124(a)(1).

3.      The State Court Action involves two separate issues.  One is the alleged violation of a "Joint Venture" Agreement by Defendant Performance involving the use of a technology using Chromium in the production of trading cards.  This action is already the subject of a matter which has been pending in the U.S. District Court for the Northern District of Texas, Judge Sam Lindsay, presiding, *David Bunnell v. Bryan Netsch, et al.*  *See* Case No. 3:12-cv-03740-L; Defendants' original Answer and Counterclaim (Doc. 28) and Defendants' First Amended Counterclaim (Doc. 73).

4.      In that case, the Plaintiffs (and their owner Bryan Netsch) filed a counterclaim in July of 2013 alleging that Bunnell had interfered with an exclusive contract between Performance and the Plaintiffs in this case regarding the production of Chromium trading cards.  The Plaintiffs in the District Court Action in their counterclaim against Bunnell are seeking damages for the same loss of revenue from trading cards production based on the same customers, transactions, facts and circumstances that they allege in this case.

5.      As shown in the attached documents from that case, the Defendants' new counsel, at first tried to get permission in October 2014 to add Performance as a Third Party Defendant to their amended counterclaim involving the diversion of trading card business.  When Bunnell's attorneys objected because (a) it was more than a year after the deadline for adding third parties had passed, and (b) because there was no factual or legal basis for the allegations against Performance, the Defendants in the *Bunnell* case dismissed only part of the Chromium trading card claims and filed them in State Court against Performance.  *See* Affidavit of David Bunnell attached hereto as Exhibit F.

6.      Therefore, this case should be removed to Judge Lindsay's court because of the common Defendants, common factual issues, and parties in that case.  As will be shown, factual determinations made in the *Bunnell* lawsuit will necessarily be determinative of issues that have been raised in the State Court Action.

## II.      THE CLAIMS OF AN INVENTION OF, OR AN "EXCLUSIVE LICENSING AGREEMENT" FOR THE PRODUCTION OF HYDRO INKS AND TRADEMARK INFRINGEMENT BY PERFORMANCE ARE COMPLETELY BASELESS.

7.      Secondly, Performance would show that the claims of the Plaintiffs involving some proprietary Hydro Ink technology which was supposedly developed by Bryan Netsch are wholly false.  Performance will be able to demonstrate that:  (1) neither Netsch nor the Plaintiffs have any proprietary interest in, or a patented formula for, "Hydro Inks"; (2) that the Plaintiffs have no patent on, trademark for, or copyright for the term "Hydro Ink".  "Hydro Ink" is in fact a generic term that applies to numerous inks available for sale on the market; and (3) that the inks which Performance purchased from Flint Group in 2011 were not pursuant to any license from Netsch or the Plaintiffs as alleged, but were a proprietary formula owned by and produced by Flint Group without license from Netsch or the Plaintiffs.  Moreover, Performance would show

that the alleged "Chromium technology" the Plaintiffs alleged in their suit that Performance "developed" was the subject of patents which expired long ago.

8.     Finally, Performance would seek a determination under Federal Law to the effect that the preposterous claims of Netsch and the Plaintiffs that somehow Performance is advertising or using manufacturing processes which infringe on the Plaintiffs' patents is false and made in bad faith.   Plaintiffs have no patented protection for "Hydro Inks" nor any trademark for which Performances' trademarks on "Hydro Reveal" or "Thermo Reveal" infringe.

9.     In substance, the Plaintiffs' State Court Action is nothing more than a disingenuous and bad faith effort to make an end run around their failure to timely join Performance in the *Bunnell* litigation, which is currently set to go to trial the month of June, 2015.   More particularly, Performance would show that, even in view of the Plaintiff's artful avoidance of the word "patent" or "copyright", the State Court lawsuit necessarily involves a determination of the following:

(a)     Whether the "Chromium Technology" Plaintiffs allege for its claim is the subject of any existing patented process or is it freely available in the marketplace not subject to any existing patent.

(b)     Whether the Plaintiffs or their owner, Bryan Netsch, have a patented formula he invented for "Hydro" Inks for which he can issue a license as alleged.

(c)     Whether the sale generally of "Hydro Inks" in interstate commerce is subject to any license held by Plaintiffs relating to existing patents or "proprietary process".

(d)     Whether Plaintiffs can claim trademark protection for the terms "Hydro Ink" or "Hydro" or similar terms widely used in interstate commerce.

(e)     Does any process for using Hydro Inks advertised by Performance read on a patent process owned by Plaintiffs which subjects Performance to a claim for patent infringement.

(f)     Whether the alleged purchase by Performance of Hydro Ink manufactured by the Flint Group in November 2011 was controlled by an "exclusive licensing agreement" owned by Plaintiffs or was the ink Performance purchased in 2011

manufactured by a secret, proprietary formula developed and patented by Flint Group, not subject to a license by Plaintiffs.

(g)     Whether Performance registered trademarks "Hydro Reveal" or "Thermo Reveal" are entitled to protection under Federal Trademark law contrary to the claims in paragraph 14 of the State Court Petition.

## III.     THE CASE HISTORY

10.     On December 30, 2014, Plaintiffs Intense Printing, Inc. ("Intense") and Interactive Printing Inks and Coatings, Inc. ("Interactive Printing") (hereinafter collectively "Plaintiffs") initiated the State Court Action by filing their Plaintiffs' Original Petition ("Petition") in the 191st Judicial District Court of Dallas County, Texas.  *See* Exhibit B(2).

11.     In their Petition, Plaintiffs claims include breach of contract, joint enterprise, breach of fiduciary duty, promissory estoppel, declaratory judgment, constructive trust, and trademark infringement and seek damages over $1,000,000.00.  *See* Exhibit B(2), ¶¶ 15-45 and Exhibit B(3).  Plaintiffs also seek exemplary damages not less than $5,000,000.00 and further seek attorney's fees and costs of court.  *See* Exhibit B(2), ¶¶ 42-45.

12.     Defendant Performance Companies, L.P. d/b/a Performance Printing filed its Original Verified Answer on January 23, 2015.  *See* Exhibit B(6).

13.     Defendant Performance Companies, L.P. d/b/a Performance Printing Company filed its Counterclaim on January 27, 2015.  *See* Exhibit B(7).

14.     Defendant/Counter-Plaintiff Performance Companies, L.P. d/b/a Performance Printing Company and Involuntary Third Party Plaintiff Flint Group North American Corporation ("Flint Group" or "Third Party Plaintiff") filed their Third Party Petition for Declaratory Judgment on January 27, 2015.  *See* Exhibit B(8).

AUS-6055486-5 6012468/93316

15.     Involuntary Third Party Plaintiff Flint Group was served with process on January

28, 2015 with Defendant's Counterclaim and Third Party Petition for Declaratory Judgment.[1]

16.     Defendant/Counter-Plaintiff Performance Companies L.P. d/b/a Performance

Printing Company filed a Notice of Non-Suit as to the Third Party Petition and Counterclaim.

*See* Exhibit B(10).

17.     No further proceedings have taken place in the State Court Action.

## IV.   REQUIREMENTS FOR REMOVAL.

18.     In accordance with 28 U.S.C. § 1446(a), Defendant-Counter-Plaintiff attaches the

following to its Notice of Removal:

Exhibit A:     Index of all matters filed in the State Court Action that clearly identifies each document and indicates the date the document was filed.

Exhibit B:     Copies of all process and pleadings in the State Court Action, individually tabbed and arranged in order of filing under tabs 1 through 11.

Exhibit C:     October 23, 2014 correspondence to Ryan K. Lurich of Friedman & Feiger, LLP from Peter J. Harry of Husch Blackwell, LLP regarding Motions to Quash Subpoenas filed by Performance Printing and Optigraphic Solutions, LLC in Case No. 3:12-cv-03740-L; *David Bunnell v. Bryan Netsch, et al*; In the U.S. District Court for the Northern District of Texas.

Exhibit D:     Defendants' Second Supplemental Rule 26(a)(1) Disclosures dated November 18, 2014 in the matter styled Case No. 3:12-cv-03740-L; *David Bunnell v. Bryan Netsch, et al*; In the U.S. District Court for the Northern District of Texas.

Exhibit E:     Defendants' Third Supplemental Rule 26(a)(1) Disclosures dated January 12, 2015 in the matter styled Case No. 3:12-cv-03740-L; *David Bunnell v. Bryan Netsch, et al*; In the U.S. District Court for the Northern District of Texas.

---

[1]      At the time the State Court Docket Sheet attached hereto as Exhibit B(1) was obtained it did not reflect the Return of Service filed on January 28, 2015 for Flint Group North American Corporation.

Exhibit F:        Affidavit of David Bunnell dated January 29, 2015.

19.    As required by 28 U.S.C. § 1446(d), Defendant, the removing party, will promptly give all parties written notice of the filing of this Notice of Removal and will promptly file a copy of this Notice of Removal with the Clerk of the 191st Judicial District Court in Dallas County, Texas, where the State Court Action is currently pending.

## V.    THE COURT HAS JURISDICTION BASED ON FEDERAL QUESTION.

20.    The district courts of the United States have jurisdiction over this action based on a federal question.   28 U.S.C. § 1441(b).   In their Petition, Plaintiffs assert claims against Performance based on Performance's alleged violations of trademark infringement.   *See* Exhibit B(2), ¶¶39-41.   Because Plaintiffs' claims are based on alleged violations of federal law, the lawsuit could have been originally filed in this Court.   28 U.S.C. § 1338.

## VI.    CONCLUSION

21.    Plaintiffs' claims under trademark infringement arise under the laws of the United States.   Accordingly, this suit could have been brought in federal court based on federal question jurisdiction.   Thus, this Court has subject matter jurisdiction, and removal is proper.

## VII.    PRAYER

WHEREFORE, Defendant, Performance Companies, L.P. d/b/a Performance Printing Company, pursuant to 28 U.S.C. §§ 1331, 1338 and 1441 and in conformance with the requirements set forth in 28 U.S.C. § 1446, hereby remove the case styled *Intense Printing, Inc. and Interactive Printing Inks and Coatings, Inc. v. Performance Printing Corp.*; Cause No. DC-14-15018, filed in the 191st Judicial District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

**HUSCH BLACKWELL LLP**

By:  */s/ Peter J. Harry*
     Peter J. Harry
     State Bar No. 09134600
     Pete.harry@huschblackwell.com

2001 Ross Avenue, Suite 2000
Dallas, Texas  75201
(214) 999-6100 – main telephone
(214) 999-6170 – general facsimile

**ATTORNEYS FOR DEFENDANT PERFORMANCE COMPANIES, L.P. D/B/A PERFORMANCE PRINTING COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was delivered to all counsel of record as shown below:

_____          Mailed by certified mail, return receipt requested, postage prepaid, in a postpaid, properly addressed wrapper, in a post office or official depository under the care and custody of the United States Postal Service.

_____          Hand-delivered by courier receipted delivery.

_____          Forwarded by next day receipted delivery service.

_____          Communicated by telephonic document transfer to the recipient's current telecopier number.

__X_____          Electronic Service via the Northern District of Texas Electronic Case Filing System (ECF).

TO:    Lawrence J. Friedman
       James Robert Krause
       Ryan K. Lurich
       John C. Sokatch
       Friedman & Feiger, LLP
       5301 Spring Valley Road, Suite 200
       Dallas, Texas  75254
       972-788-1400 Phone
       972-788-2667 Fax

on this 29th day of January, 2015.

                                    _/s/ Peter J. Harry_____
                                    Peter J. Harry